UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 6, 2013

LETTER TO COUNSEL:

RE:   *Josephine Harris v. Commissioner, Social Security Administration*;
      Civil No. SAG-11-1516

Dear Counsel:

On June 3, 2011, the Plaintiff, Josephine Harris, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the Commissioner's motion for summary judgment (ECF No. 19), the letter motion dated January 24, 2012 filed by Ms. Harris (docketed as ECF No. 18, "Correspondence re: Scheduling Order"), and the reply filed by Ms. Harris (ECF No. 20). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Harris filed her claim on August 11, 2008, alleging disability beginning on October 1, 2002. (Tr. 12). Her claim was denied initially on December 3, 2008, and on reconsideration on March 17, 2009. (Tr. 54-57, 61-62). A hearing was held on September 9, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 23-50). Following the hearing, on October 7, 2010, the ALJ determined that Ms. Harris was not disabled during the relevant time frame. (Tr. 9-22). The Appeals Council denied Ms. Harris's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Harris suffered from the severe impairments of connective tissue disorder and obesity. (Tr. 14). Despite these impairments, the ALJ determined that Ms. Harris retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant is limited to simple and routine unskilled jobs which allow for low concentration and memory due to moderate pain and discomfort and the side effect from her medication. The claimant could perform work activities where she lifts 10 pounds frequently and 20 pounds occasionally, and she has the option to alternate between sitting for 30 minutes and standing for thirty minutes at a time in an 8-

> hour workday.  Further, the claimant could perform work activities where she avoids heights, hazardous machinery, temperature extremes, stair climbing, and ropes.

(Tr. 15).  After considering the testimony of a vocational expert ("VE"), and considering Rule 202.22, the ALJ determined that Ms. Harris could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame.  (Tr. 18-19).

Ms. Harris, who appears *pro se*, has raised several arguments in support of her appeal, including her inability to pay for certain medical care.[1]  I have carefully reviewed the ALJ's opinion and the entire record.  For the reasons described below, substantial evidence supports the ALJ's decision.

In assessing the ALJ's sequential evaluation, I note an inconsistency at step two.  The heading of the opinion indicates that the ALJ found severe impairments of "connective tissue disorder and obesity."  (Tr. 14).  In the discussion underneath that heading, however, the ALJ notes that, "The undersigned finds that all other impairments alleged and found in the record, including obesity, are nonsevere because they did not exist for a continuous period of twelve months, were responsive to medication, did not require any significant medical treatment, or did not result in any continuous exertional or nonexertional functional limitations."  *Id.*  Despite the inconsistency between the heading and the analysis, I concur with the ALJ's determination that the medical evidence does not demonstrate functional limitations attributable to Ms. Harris's obesity.  Moreover, after finding at least one severe impairment, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and nonsevere, that significantly impacted Ms. Harris's ability to work.  *See* 20 C.F.R. § 404.1523.  Accordingly, I find no basis for remand.

At step three, the ALJ assessed Ms. Harris's connective tissue disorder "singly and in combination," and determined that it does not meet the specific requirements of, or medically equal the criteria of, any Listings.  (Tr. 15).  The ALJ's analysis of Ms. Harris's depression also accurately summarizes the medical evidence, and accords with Ms. Harris's suggestion that she only alleged depression at the recommendation of her prior counsel.  *See* ECF No. 18, at 2.

At step four, the ALJ provided a detailed summary of Ms. Harris's testimony and the information about her activities of daily living (ADLs), as derived from her function reports.  (Tr. 16-17).  The ALJ provided support for his negative credibility assessment, citing "the

---

[1] In her submissions, Ms. Harris argues that her prior attorneys allegedly suggested to her that she would have been approved for benefits if she resided in a different part of the state, and allegedly asked her to assert symptoms of depression to bolster her claim.  However, my role is limited to addressing whether the opinion of the ALJ in Ms. Harris's case complied with applicable legal standards.  Complaints regarding the performance of counsel must be addressed through appropriate channels.

medical evidence and the claimant's activities of daily living." (Tr. 17). The ALJ also analyzed the medical evidence provided by the non-examining state medical consultant and by treating sources including Dr. Edmund Maclaughlin and Dominic Szwaja, PA-C from River Family Physicians. (Tr. 16-18). The ALJ explained his assignments of weight to the opinion of each medical source. *Id.* With respect to the opinion of Mr. Szwaja, the ALJ provided substantial evidence to support his decision to afford the opinion only "slight evidentiary weight." (Tr. 17). The ALJ noted that, "The course of treatment pursued by the doctor has not been consistent with what one would expect if the claimant truly exhibited disabling symptoms as the doctor reported." *Id.* In addition, Mr. Szwaja's opinion does not itself provide a precise diagnosis or any evidentiary support for its conclusions regarding Ms. Harris's work capacity. (Tr. 230). Finally, the ALJ noted that he was not fully crediting the opinion of the state agency medical consultant who suggested that Ms. Harris did not suffer from connective tissue disorder. (Tr. 18). The ALJ determined that Ms. Harris did in fact "experience symptoms from connective tissue disorder," and therefore that appropriate limitations were required in her RFC. (Tr. 18).

Ms. Harris cites her financial inability to seek further medical treatment. *See Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986) (noting that a claimant cannot be penalized for failure to seek treatment where there is evidence of inability to pay). However, Ms. Harris's records show that she sought regular medical care, including care from specialists such as orthopedists and neurologists. (Tr. 235-37). Although the Commissioner argues that Mr. Szwaja's opinion is entitled to less weight because he is not a medical doctor, the ALJ did not rely on that distinction (and in fact referred repeatedly to "Dr. Szwaja."). (Tr. 16, 17). There is no evidence that Ms. Harris ever sought emergency room care, which is a source of medical care available to underinsured patients. I therefore do not find that Ms. Harris's financial constraints affected her ability to seek treatment relevant to adjudicating her disability. In considering the entire record, substantial evidence supports the RFC determined by the ALJ.

The ALJ also appropriately completed step five of the sequential evaluation. The ALJ heard testimony from the VE regarding the ability of a person with Ms. Harris's RFC to perform work. (Tr. 47-49). The VE testified regarding the availability of a sit/stand option for the identified jobs. (Tr. 49). The ALJ credited that testimony. (Tr. 19). The ALJ also determined, in the alternative, that a finding of "not disabled" would be appropriate under Medical Vocational Rule 202.22. *Id.* The ALJ's step five determination, therefore, was supported by substantial evidence.

For the reasons set forth herein, the Commissioner's motion for summary judgment (ECF No. 19) will be GRANTED and Plaintiff's motion (ECF No. 18) will be DENIED. The Clerk is directed to CLOSE this case.

*Josephine Harris v. Commissioner, Social Security Administration*
Civil No. SAG-11-1516
February 6, 2013
Page 4

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge
